IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT CLAUSS,<br><br>Plaintiff,<br><br>vs.<br><br>LEGEND SECURITIES, INC.,<br><br>Defendant. | No. 13-cv-00381<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Defendant Legend Securities, Inc. ("Legend"), in support of its Motion for Summary Judgment, states as follows:

## INTRODUCTION

Plaintiff claims that Legend violated the federal "Do Not Call" telemarketing regulations by calling him at a number registered on the National Do Not Call Registry. However, the telephone number at issue is a <u>business</u> number which is publicly associated with Plaintiff's law practice, as well as a separate business for whom Plaintiff previously served as a member, manager, and registered agent. Because the federal "Do Not Call" regulations do not apply to business numbers such as this, Plaintiff's claims cannot succeed.

## SUMMARY JUDGMENT STANDARD

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (*quoting* Fed. R. Civ. P. 56(c)).

## ARGUMENT

I. **THE FEDERAL "DO NOT CALL" REGULATIONS DO NOT APPLY BECAUSE THE TELEPHONE NUMBER AT ISSUE IS A BUSINESS NUMBER.**

The Telephone Consumer Protection Act of 1981 ("TCPA") generally regulates and restricts the activities of telemarketers and automated calling equipment. *See* 47 U.S.C. § 227 (2012). Among other things, the TCPA required the Federal Communications Commission ("FCC") to promulgate rules and regulations regarding the implementation of the Act, including the creation and enforcement of a National Do Not Call list. *Id.* at § 227(c). The FCC has promulgated such rules, and *inter alia*, makes it unlawful to "initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2) (2013).

Additionally, the Federal Trade Commission ("FTC") has been given rulemaking authority under the Telemarketing and Consumer Fraud and Abuse Prevention Act to curb similar deceptive and abusive telemarketing practices. 15 U.S.C. § 6102(a)(1) (2012). In doing so, the FTC has declared it an abusive practice for a telemarketer to "initiat[e] any outbound telephone call to a person when . . . [t]hat person's number is on the 'do-not-call' registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services . . . ." 16 C.F.R. § 310.4(b)(iii)(B) (2014). Together, the FCC and the FTC can effectively regulate all aspects of telemarketing, and their rulemaking authorities often converge and complement each other. *See, e.g., Nat'l Federation of Blind v. FTC*, 303 F. Supp. 2d 707, 716 (D. Md. 2004). Indeed, Congress directed the FCC to coordinate its efforts to regulate telemarketing practices with the FTC in order to maximize consistency

between the agencies' do-not-call regulations. *See* Do–Not–Call Implementation Act, Pub.L. No. 108–10, 117 Stat. 557 (2003).

Notably, the TCPA, as well as the FCC and FTC's rules, was meant to protect *only* residential lines and their owners, and does not extend liability to calls made between businesses. Courts have construed the TCPA's purpose as one of "protect[ing] the privacy interests of *residential telephone subscribers* . . . ." *Baird v. Sabre Inc.*, ___ F. Supp. 2d ___, 2014 WL 320205, at *1 (C.D. Cal. 2014) (internal quotations omitted; emphasis added) (quoting *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)). "The TCPA was enacted in response to an increasing number of *consumer* complaints arising from the increased number of telemarketing calls." *Satterfield*, 569 F.3d at 954 (emphasis added). Indeed, the very provision of the FCC's rules that Plaintiff relies on for recovery explicitly limits its application to residential lines. *See* 47 C.F.R. § 64.1200(c)(2) (applying to those people who have registered a *residential* telephone number on the National Do Not Call list). In fact, the FCC also explicitly states on its website that: "The national Do-Not-Call list protects *home voice or personal wireless phone numbers only*. While you may be able to register a business number, your registration will not make telephone solicitations to that number unlawful." *Unwanted Telephone Marketing Calls*, FEDERAL COMMUNICATIONS COMMISSION, http://www.fcc.gov/guides/unwanted-telephone-marketing-calls (last visited July 28, 2014) (emphasis added). Clearly, then, the TCPA was meant only to cover calls made between soliciting businesses and residential or consumer lines, not between soliciting businesses and other businesses.

The FTC's Telemarketing Sales Rules also contain an express exemption for "[t]elephone calls between a telemarketer *and any business*, except calls to induce the retail sale of nondurable

office or cleaning supplies . . . ." 16 C.F.R. § 310.6(b)(7) (emphasis added). The FTC's statement accompanying its finalized rules recognizes this "business-to-business" exemption and notes that it "believes that Congress did not intend that every business use of the telephone be covered by this Rule." Telemarketing Sales Rule, 60 Fed. Reg. 43,842-01, 43,861 (Aug. 23, 1995). The FTC further reasons that, while there have been "past problems with telemarketing sales of products" to businesses, the Commission's extensive enforcement experience demonstrated that only those telemarketers selling nondurable office or cleaning supplies create a "significant business-to-business problem area." *Id.* All other business-to-business calls are therefore not subject to the Telemarketing Sales Rules. Like the FCC, the FTC makes this explicit on its website: "The National Do Not Call Registry is only for personal phone numbers. Business-to-business calls and faxes are not covered by the National Do Not Call Registry." *National Do Not Call Registry*, FEDERAL TRADE COMMISSION, http://www.consumer.ftc.gov/articles/0108-national-do-not-call-registry (last visited July 28, 2014).

Consequently, the Do Not Call regulations relied upon by Plaintiff do not apply in this case because the alleged calls at issue were received by Plaintiff at his <u>business</u> telephone number. Specifically, Plaintiff claims that he received calls from Legend at the telephone number 515-225-3665, which Plaintiff contends was registered on the National Do Not Call Registry in July 2010. (App. D0001, Ex. 1, Petition at Law, filed July 24, 2013; App. D0002-0004, Ex. 2, Response to Request for Production No. 1; App. D0005, Ex. 3, Letter from Clauss, Dated August 14, 2013, Bates No. 4; App. D0006, Ex. 4, National Do Not Call Verification, Bates No. 6.) However, this is a business number that Plaintiff uses for his law practice. (App. D0007-0008, Ex. 5, Petition at Law, Case No. CL116332; App. D0009, Ex. 6, Appearance, Case

4

No. CL118662; App. D0010-0011, Ex. 7, Motion to Enlarge, Case No. CL117278; App. D0012-0013, Ex. 8, Motion for Default, Case No. CL119798.) The number is also publicly associated with Enerpower, LLC, another business for whom Plaintiff served as the registered agent, member, and manager from 2006 through 2010. (App. D0014-0015, 0017, Ex. 9, Answer to Interrogatory No. 5; App. D0018-0020, Ex. 10, Articles of Organization; App. D0021, Ex. 11, Certificate of Dissolution; App. D0022-0028, Ex. 12, Affidavit of Tim Wittry, ¶ 3.) The telephone number at issue therefore does not enjoy the protections afforded under the federal "Do Not Call" regulations, which apply only to residential phone numbers—as made clear by both the FCC and FTC.

Plaintiff has chosen to ignore the clear pronouncements of these agencies, however, and instead seeks to parlay the apparent confusion he's created regarding his business number into a windfall. He has filed at least seven other nearly identical lawsuits since 2013 seeking to recover damages for similar alleged "do not call" violations. (App. D0014, 0016-0017, Ex. 9, Answer to Interrogatory No. 13; App. D0029-0030, Ex. 13, Petition at Law, filed January 9, 2013; App. D0031, Ex. 14, Petition at Law, filed January 11, 2013; App. D0032, Ex. 15, Petition at Law, filed March 13, 2013; App. D0033, Ex. 16, Petition at Law, filed June 6, 2013; App. D0034, Ex. 17, Petition at Law, filed July 17, 2013; App. D0035-0036, Ex. 18, Petition at Law, filed December 18, 2013; App. D0037-0038, Ex. 19, Petition at Law, filed December 18, 2013.) Plaintiff's opportunistic attempts to recover damages should not be permitted here. Because Plaintiff cannot dispute that the telephone number at issue is a business number, the federal "Do Not Call" regulations do not apply, and Plaintiff's claim fails as a matter of law. It should be dismissed accordingly.

## CONCLUSION

For the reasons fully set forth above, Defendant Legend Securities, Inc. respectfully requests the Court dismiss Plaintiff's claims, with costs assessed to Plaintiff.

/s/ Christian P. Walk  AT0009565
NYEMASTER, GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: 515-283-3100
Fax:  515-283-8045
E-mail:  cpwalk@nyemaster.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2014, a true copy of the foregoing instrument was served upon the following via U.S. Mail:

Robert Clauss
9923 Clark St.
Clive, Iowa 50325
Telephone:  515-225-3665

PLAINTIFF PRO SE

/s/ Christian Walk