IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| Robert Clauss, | ) | |
| Plaintiff, | ) | Case 13-cv-00381 |
| Vs. | ) | |
| Legend Securities, Inc., | ) | |
| Defendant | ) | |

**Plaintiff's Brief
In Support of Resistance to Summary Judgment**

COMES NOW Plaintiff, through counsel, and hereby provides the following brief in Support of his Resistance to Defendant's Motion for Summary Judgment (docket #14) as follows:

Plaintiff commenced this action in state court seeking money damages for nine separate violations of the do not call provisions of the TCPA, 47 U.S.C. §227(b)(3), 16 C.F.R. 310.4(b)(111)(a), 47 CFT 64.1200(c)(2) based upon various calls made by Defendant's agents directed to Plaintiff at his home telephone number at his residence in Clive, Iowa which was registered on the National Do Not Call Registry.

Defendant contends that Plaintiff is not entitled to relief in that the telephone number its agents called him on each of those nine (9) times was a business number based upon a claims "public association" with Plaintiff's law practice and a former Iowa limited liability company which was dissolved more than three (3) years before the calls commenced.

Plaintiff would point out that other than an affidavit by one of the legal assistants for Defendant's lawyer regarding some sort of a "Google Search undertaken by that individual on August 4, 2014, there is no evidence in this record that at the time of the nine (9) calls in question Defendant or its agents dialing Plaintiff's telephone number and calling into his home were aware Plaintiff was a lawyer or that Enerpower, LLC had ever been in existence prior to its dissolution in 2010 let alone that Plaintiff was once the registered agent for that defunct entity.

Congress passed the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 in response to "voluminous consumer complaints about abuses of telephone technology based upon the determination of Congress that federal legislation was needed to protect from intrusive nuisance calls .

*Mims v. Arrow Fin. Servs*. LLC, 132 S.Ct. 740, 742 (2012). The TCPA seeks to curb abusive telemarketing practices that threaten the privacy of consumers and businesses. *Ashland Hosp. Corp. v. SEIU, Dist.* 1199 WV/KY/OH. 2013 U.S. App, Lexis 3616 (6th Cir. 2013).

Pursuant to the regulatory powers arising from 47 U.S.C. § 227(c), the FCC adopted a national do-not-call registry providing "residential consumers with a one-step option to prohibit unwanted telephone solicitations," effective October 1, 2003. Federal Communications Commission's Report and Order, CG Docket No. 02–278, FCC 03–153, Rules and Regulations.

In addition to other enforcement mechanisms contained within the Act, the TCPA provides a person or entity with a private right of action. Specifically, section (b)(3) of the Act, captioned "Private right of action," provides:

> *A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—*
>
>> *(A) an action based on violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,*
>> *(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or*
>> *(C) both such actions.*

*If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.*

In furtherance of this provision, the FTC has promulgated regulations which provide, in relevant part:

> *(c) No person or entity shall initiate any telephone solicitation, as defined in paragraph (f)(12) of this section, to:*
> *...*
> *(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if:*
>
>> *(i) It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the following standards:*
>>
>>> *(A) Written procedures. It has established and implemented written procedures to comply with the national do-not-call rules;*
>>>
>>> *(B) Training of personnel. It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;*
>>>
>>> *(C) Recording. It has maintained and recorded a list of telephone numbers that the seller may not contact;*

    *(D) Accessing the national do-not-call database. It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.*

    *(E) Purchasing the national do-not-call database. It uses a process to ensure that it does not sell, rent, lease, purchase or use the national do-not-call database, or any part thereof, for any purpose except compliance with this section and any such state or federal law to prevent telephone solicitations to telephone numbers registered on the national database. It purchases access to the relevant do-not-call data from the administrator of the national database and does not participate in any arrangement to share the cost of accessing the national database, including any arrangement with telemarketers who may not divide the costs to access the national database among various client sellers; or*

    *(ii) It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed; or*

    *(iii) The telemarketer making the call has a personal relationship with the recipient of the call.*

<u>47 C.F.R § 64.1200(c)(2)</u>.

 *The term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message:*

 *(i) To any person with that person's prior express invitation or permission;*

 *(ii) To any person with whom the caller has an established business relationship; or*

 *(iii) By or on behalf of a tax-exempt nonprofit organization.*

<u>47 C.F.R. § 64.1200(f)(12)</u>

 After an exhaustive review of the case law under the TCPA it does not appear there is currently any statutory provision nor case law directly on point in the federal or state courts which deal directly with the topic of what the rules are regarding unsolicited sales calls to a patently residential phone number which may have, at one time, been associated with a defunct business as is the case here.

 That being said, and without conceding Plaintiff's telephone number is or was anything other than a residential number during the relevant time frame in this matter, Plaintiff points out that the FTC regulations ***<u>which are in place</u>*** clearly prohibit telephone solicitation calls to numbers which are on the Do Not Call Registry.

 *No person or entity shall initiate any telephone solicitation, as defined in paragraph (f)(12) of this section, to:*

*...*
*(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator 47 C.F.R § 64.1200(c)(2).*

In the case at bar, it is uncontroverted the phone number Defendant's agents called was that of a residential telephone subscriber who had registered his home telephone number on the Do-Not Call registry of persons who do not wish to receive telephone solicitations and that this fact would have been known if Defendants' agents checked the DO NOT CALL REGISTRY and was made known to the various callers on behalf of the Defendants on each occasion that they called Plaintiff's home at the registered number. Further in each instance the callers acknowledged to Plaintiff they should not be calling a number on the Do Not Call Registry.

Once such a showing is made by Plaintiff current FTC regulations would seem to require Defendant to present evidence of steps it has taken to avoid liability under this section of the TCPA, to-wit:

*Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if:*

*(i) It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the following standards:*
*(A) Written procedures. It has established and implemented written procedures to comply with the national do-not-call rules;*
*(B) Training of personnel. It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;*
*(C) Recording. It has maintained and recorded a list of telephone numbers that the seller may not contact;*
*(D) Accessing the national do-not-call database. It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.*
*(E) Purchasing the national do-not-call database. It uses a process to ensure that it does not sell, rent, lease, purchase or use the national do-not-call database, or any part thereof, for any purpose except compliance with this section and any such state or federal law to prevent telephone solicitations to telephone numbers registered on the national database. It purchases access to the relevant do-not-call data from the administrator of the national database and does not participate in any arrangement to share the cost of accessing the national database, including any arrangement with telemarketers who may not divide the costs to access the national database among various client sellers; or*
*(ii) It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that*

*the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed; or*

*(iii) The telemarketer making the call has a personal relationship with the recipient of the call.*

47 C.F.R § 64.1200(c)(2).

In the case at bar, Defendant has failed to present any evidence in this record to indicate they believed they were calling a business number nor of what steps, if any, they undertook to avoid calling numbers on the Do Not Call Registry which would excuse them from liability under the TCPA.   Id.

Further, assuming *arguendo* Defendant may have erroneously believed they were calling a business number associated with Enerpower, LLC on their initial calls to Plaintiff's home (a contention which Defendants have not established on the record before the Court at this point and one Plaintiff does not concede) it is clear that after the first call made by each Defendant to Mr. Clauss Defendant was on actual notice the number being dialed was a personal residence rather than a business phone and that to the extent they may have believed they had consent to call that number initially, it is incontrovertible such perceived consent, if any, was revoked by the words of Robert Clauss when speaking to each of the callers.

Such verbal revocation of consent is acknowledged to be the right of a consumer under the TCPA in a number of contexts.  *Beal v. Wyndham Vacation Resorts*, 956 F.Supp.2d 962 (W.D. Wis. 2013); *Adamcik v. Credit Control Servs.*, 832 F.Supp.2d 944 (W.D. Tex. 2011); *Guttierez v. Barclays Group*, 2011 U.S. Dist. LEXIS 12456 (S.D.Cal Feb. 2011).

For these reasons, Plaintiff submits there are in fact genuine disputes of material fact which are present in this case and that Defendant has not established that they are entitled to summary judgment as a matter of law as asserted in their pending motion.

        **ROSENBERG & MORSE**
        1010 Insurance Exchange Building
        505 Fifth Avenue
        Des Moines, Iowa  50309
        Telephone: (515) 243-7600
        Fax: (515) 243-0583
        morse@rosenbergmorse.com

By: _____
     **David A. Morse**

**Certificate of Service**

The undersigned certifies the above and foregoing instrument/document was served upon all parties to the above cause as follows:

a. This instrument was filed electronically by the undersigned to the court's CM_ECF system which provides service on all parties on the court's service list who have registered to receive service by e-mail over the court's CM-ECF filing system; or

b. This instrument was served to the following parties by depositing the same in the United States Mail, postage pre-paid, to their respective mailing address(es) as disclosed in the pleadings or, in the event the party is represented by counsel, to their counsel via US Mail, postage pre-paid.

Those served via CM/ECF:

Christian Walk
700 Walnut Street – Ste 1600
Des Moines, Iowa 50309
Attorney for Defendant

Those served via US Mail:

Dated: August 28, 2014

*/s/ David A. Morse*