IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT CLAUSS,<br><br>   Plaintiff,<br><br>vs.<br><br>LEGEND SECURITIES, INC.,<br><br>   Defendant. | No. 4:13-cv-00381-JAJ<br><br>**ORDER** |

This action was brought under the Telephone Consumer Protection Act of 1991 ("TCPA"). Plaintiff, Robert Clauss, claims that Defendant, Legend Securities, Inc., repeatedly violated the TCPA's Do Not Call regulations by calling Plaintiff at a telephone number that Plaintiff registered on the Do Not Call Registry. Plaintiff seeks damages under the TCPA for these violations.

This matter comes before the Court pursuant to Defendant's August 4, 2014 motion for summary judgment. Plaintiff responded to this motion on August 28, 2014. In its motion for summary judgment, Defendant claims that the calls at issue are not subject to the TCPA's restrictions because the calls were placed to a business number, and the TCPA restricts calls placed only to residential numbers. Plaintiff denies that the number in question was a business number at the time he received these calls and maintains that the number is, and always has been, his home phone number.

### I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides the summary judgment standard: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *HDC Med., Inc., v. Minntech Corp.*, 474 F.3d 543, 546 (8th Cir. 2007) (citation omitted); see also *Med. Liab. Mut. Ins. Co. v. Alan Curtis L.L.C.*, 519 F.3d 466, 471 (8th Cir. 2008); *Kountze ex rel. Hitchcock Found. v. Gaines*, 536 F.3d 813, 817 (8th Cir. 2008) ("[S]ummary judgment is appropriate where the

pleadings, discovery materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law."). "'[T]he substantive law will identify which facts are material.'" *Guinan v. Boehringer Ingelheim Vetmedica, Inc.*, 803 F. Supp. 2d 984, 993 (N.D. Iowa 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the movant has properly supported its motion, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[A]n issue of material fact is genuine if the evidence is sufficient to allow a reasonable jury verdict for the nonmoving party." *Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. et al.*, 536 F.3d 939, 944 (8th Cir. 2008) (citation omitted). "A genuine issue of fact is material if it 'might affect the outcome of the suit under the governing law.'" *Saffels v. Rice*, 40 F.3d 1546, 1550 (8th Cir. 1994) (citation omitted). The nonmoving party is entitled to all reasonable inferences that can be drawn from the evidence without resorting to speculation. *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1110 (8th Cir. 2001). "[A]lthough [the non-moving party] does not have to provide direct proof that genuine issues of fact exist for trial, the facts and circumstances that [the party] relies 'upon must attain the dignity of substantial evidence and not be such as merely to create a suspicion.'" *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003) (citation omitted). The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Sprenger*, 253 F.3d at 1110.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff is an attorney living in Clive, Iowa. Plaintiff claims he received multiple telemarketing phone calls from Defendant at his phone number, 515-225-3665.[1] Plaintiff registered this phone number on the National Do Not Call Registry in July 2010. This phone number is listed as Plaintiff's residential phone number in the Des Moines area phonebook.

In addition to being listed as Plaintiff's residential phone number in the phone book, Plaintiff has listed this number as his phone number in his capacity as an attorney on several court filings in unrelated cases. The most recent of these filings presented to the Court was filed in 2011.

---

[1] The Court acknowledges that Defendant lists many of the facts found here merely as Plaintiff's claims. However, the Court finds these facts to be undisputed based on the documents provided by Defendant accompanying its motion.

2

Plaintiff resides at 9923 Clark Street, Clive, Polk County, Iowa, 50325. In 2006, Plaintiff and his son filed Articles of Organization with the Secretary of State creating a business called Enerpower, L.L.C. The Articles of Organization list Plaintiff as Enerpower's initial registered agent. The Articles list the 9923 Clark Street address as Enerpower's registered office, Enerpower's principal office, and Plaintiff's address. The Articles do not list a phone number associated with Enerpower. Enerpower was dissolved in 2010. However, various publicly available websites maintain a listing for Enerpower and list Plaintiff's phone number, 515-225-3665, as Enerpower's business phone number.

### III. ANALYSIS

Defendant argues that, based on the above, the phone number in question is a business phone number. Plaintiff responds that this phone number is his residential phone number and has been since he moved to Clive, Iowa, in 1976. Plaintiff disputes whether this number was being used as a business number at the time he received the calls in question. Plaintiff also claims that he never authorized the use of this phone number as Enerpower's phone number.

The TCPA regulates telemarketing and places certain restrictions on companies engaged in telemarketing. 47 U.S.C. § 227. The Federal "Do Not Call" list is one such regulation. The Do Not Call list makes it actionable to "initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). This regulation unambiguously applies only to residential telephone subscribers. See *Satterfield v. Simon & Schuster*, 569 F.3d 946, 954 (9th Cir. 2009) (the TCPA protects "residential phone subscribers"); 47 U.S.C. § 227(c)(1) (rules concern the "need to protect residential telephone subscribers' privacy rights"). "Telephone calls between a telemarketer and any business, except calls to induce the retail sale of nondurable office or cleaning supplies" are specifically exempt from this regulation. 16 C.F.R. § 310.6(b)(7).

The TCPA requires the Federal Communications Commission ("FCC") to create rules and regulations implementing the TCPA. The FCC is responsible for creating and updating the National Do Not Call List. See 47 U.S.C. § 227(c)(1). In creating, and later editing, the Do Not Call List regulations, the FCC purposefully did not uniformly exempt "home-based businesses" from the Do Not Call Rules. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 70 Fed. Reg. 19,330, 19,331 (April 13, 2005). Instead, the FCC encouraged

case-by-case review of claims involving home-based businesses "to determine whether or not the call was made to a residential subscriber." *Id.*

The parties dispute whether Plaintiff's number was a business number at the time Plaintiff received these calls. "[A]n issue of material fact is genuine if the evidence is sufficient to allow a reasonable jury verdict for the nonmoving party." *Great Plains Real Estate Dev., L.L.C.*, 536 F.3d at 944. Here, there is evidence supporting both the contention that Plaintiff's phone number was a residential phone number and that the phone number was a business phone number. In fact, based on the evidence before the Court, a jury could reasonably conclude that Plaintiff's phone number was simultaneously a residential and business phone, or the number for a home-based business. Whether Plaintiff's phone number was a business number at the time Plaintiff received these calls is a disputed issue of material fact. "A genuine issue of fact is material if it 'might affect the outcome of the suit under the governing law.'" *Saffels*, 40 F.3d at 1550. Here, Defendant's liability hinges on whether Plaintiff's business number and therefore exempt from the Do Not Call restrictions. The law in question is inapplicable if Defendant was calling Plaintiff at his business phone number. Whether this phone number was a business number at the time the calls were made is therefore a disputed genuine issue of material fact.

## IV. CONCLUSION

The parties dispute whether the phone number at which Plaintiff claims he received these calls was a business or residential number at the time the calls were made. Because the parties dispute this genuine issue of material fact, summary judgment is not appropriate.

Upon the foregoing,

**IT IS ORDERED** that Defendant's motion for summary judgment is **DENIED**.

**DATED** this 8th day of September, 2014.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA